# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Carl Eugne McAbee, Jr., | ) | |
| | ) | Civil Action No. 2:16-0457-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Carl Eugene McAbee, Jr. ("McAbee"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB").[1]  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 16).[2]  In the Report, the Magistrate Judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. McAbee has filed objections to the Report (ECF No. 18), and the Commissioner has responded to those objections (ECF No. 19).  Accordingly, this matter is now

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017.  Pursuant to Fed.R.Civ.P.25(d), Berryhill is substituted for Carolyn W. Colvin as the defendant in this action.

[2]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

ripe for review.

## I. Background

McAbee applied for DIB on February 19, 2014, alleging disability beginning on December 24, 2013. (ECF No. 9-5 at 2-3). McAbee's application was denied initially and on reconsideration. On July 27, 2015, an Administrative Law Judge ("ALJ") heard testimony from McAbee and a vocational expert. On October 23, 2015, the ALJ issued a decision denying McAbee's claim.

In his decision, the ALJ found that McAbee suffered from the following severe impairments: mitral valve regurgitation and congestive heart failure. (ECF No. 9-2 at 12). The ALJ found that, despite McAbee's limitations, jobs existed in significant numbers in the national economy that he could perform. (ECF No. 9-2 at 18). McAbee sought review of his case by the Appeals Council. The Appeals Council denied McAbee's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In his objections, McAbee asserts that the Magistrate Judge erred by finding that the ALJ's credibility determination and the ALJ's decision to reject the opinions of a treating physician, Dr. Roberts, were supported by substantial evidence.

#### A. Credibility

In assessing his credibility, McAbee contends that the ALJ did not fairly weigh all of the evidence before him. McAbee acknowledges his heart failure symptoms were intermittent, but he contends that his condition severely limited his daily activities. He also contends that the ALJ and the Magistrate Judge believed that had McAbee simply taken his medication every day, he would have no limitations. He states the record does not support such a belief. While acknowledging that he testified at the hearing that Lasix effectively controlled many of his symptoms, McAbee contends that he also testified that he frequently could not afford Lasix, and he argues that it makes no difference if his symptoms could be cured or stabilized with a treatment he could not afford.

Reviewing McAbee's testimony, he testified that when his legs swell, he has to take his medication, lay down, and elevate his legs. (ECF No. 9-2 at 42). He did not testify that he could not afford the medication for his edema. He further stated that "if I'm on the Lasix it'll keep the swelling down, and your knees or your feet it's like pins and needles." (ECF No.l 9-2 at 43-44). McAbee stated that he received some of his prescription drugs for free,

> but then there's things like Lasix and other things that they prescribe to me that costs. Like I'm supposed to be on Lipitor for cholesterol. I can't afford that. I haven't taken that pill in probably nine, ten months. So, I don't even know what my cholesterol is right now, because it's like $193 or something like that. There's no way. I don't have that.

(ECF No. 9-2 at 40). Contrary to what McAbee now argues, he did not testify that he could not afford Lasix - it was the Lipitor which he stated he could not afford because it was $193 per month. However, assuming McAbee could not afford to purchase Lasix for his edema, the court finds the ALJ did not err in his credibility determination.

Where a claimant cannot afford medical treatment, they must "show that he has exhausted all free or subsidized sources of treatment and document his financial circumstances before inability to pay with be considered good cause [for failing to seek treatment]." *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984) (citing Social Security Ruling 82-59). In *Gordon*, the Court states that before a claimant can be denied disability benefits due to failure to obtain treatment, the claimant must be given a reasonable opportunity to do so or provide justification for failing to do so. *See Gordon*, 725 F.2d at 237. However, McAbee was not denied disability benefits because he failed to obtain treatment.

Moreover the issue of inability to pay or failure to obtain treatment was not a factor in the ALJ's credibility determination. The ALJ set out McAbee's daily activities and noted that, when viewed in conjunction with other inconsistencies, limit McAbee's credibilty. (ECF No. 9-2 at

16). As the Magistrate Judge noted, even though McAbee testified that he had swelling on a daily basis, his medical records simply did not reflect significant edema even during the period of time when McAbee did not have insurance and argues he could not afford medication. Moreover, any perceived oversight by the ALJ regarding McAbee's inability to pay would be harmless error due to the thorough consideration of other factors impacting credibility. *See King v. Colvin*, No. 6:12-cv-3043, 2014 WL 906795 (D.S.C. Mar. 7, 2014) ("The court agrees with [Plaintiff] that her inability to afford care may be a sufficient reason for failing to seek treatment, however, the court finds that, in this case, the ALJ's interpretation of this one factor was harmless error. [Plaintiff's] failure to seek further medical treatment was one factor the ALJ considered, but not the only factor or even the deciding factor.").

## B. Treating Physician's Opinion

McAbee contends that the ALJ erred in rejecting the opinion of his treating physician, Dr.Charles Roberts. McAbee notes that the only reaon the ALJ had for rejecting Dr. Roberts' opinions was because a physician at MUSC rated McAbee's heart failure differently, and McAbee had too many daily activities during the times when his intermittent symptoms were less severe.

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998). Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to

support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

Moreover, the function of this court is not to review McAbee's claims de novo or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (*citing* 42 U.S.C. § 405(g); and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this court is to determine whether, upon review of the whole record, the ALJ's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g).

Here, the court finds that the ALJ properly considered the opinions, and substantial evidence supports the weight afforded to those opinions. *See Johnson v. Barnhart*, 434 F.3d 650, 656 n.8 (4th Cir. 2005) (stating that ALJ can give lesser weight to a treating physician's opinion when it conflicts with other medical evidence or when it represents a change in opinion without a change in diagnosis); *see also* 20 C.F.R. § 404.1527(d)(1) (indicating that opinions about whether a claimant is "disabled" or "unable to work" are specifically reserved to the Commissioner). Moreover, McAbee has failed to show that the medical records support the opinions of his treating physician. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (stating that the claimant has the burden of proving he suffers from a "medically determinable impairment").

### IV. Conclusion

Having conducted the required de novo review of the issues to which McAbee has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the magistrate judge in her Report, and the ALJ's decision is

supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 16), and the

Commissioner's decision is **AFFIRMED.**

   **IT IS SO ORDERED.**


            s/Timothy M. Cain
            United States District Judge

August 22, 2017
Anderson, South Carolina